UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERINNA R. McKISSICK-JOHNSON,

    *Plaintiff*,

v.

DETROIT POLICE DEPARTMENT,

    *Defendant.*

                        /

CASE NO: 13-CV-13309

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because the complaint fails to state a claim upon which relief can be granted.

**II.    REPORT**

    **A.    Introduction**

On August 1, 2013, Plaintiff Erinna McKissick-Johnson filed this *pro se* action. The case was referred to the undersigned magistrate judge for pretrial proceedings. (Doc. 3.) Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). (Doc. 4.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

**B.     Screening Procedure & Governing Law**

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When a plaintiff is proceeding without the assistance of counsel, courts are required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

C.     The Complaint

The Complaint in this case is written in narrative form. Plaintiff explains:

> On November 18, 2012 I filed two FOIA requests in accordance to the FOIA Act with the court office in Detroit, MI via fax. On Jan. 18th 2013, I received two response letters from jack Dietrich of the Governmental Affairs Section at the City of Detroit Law Department stating that my FOIA request for DPD records regarding a May 16th 2001 incident involving Demond Nathan King and a Sept. 11, 2012 incident involving Delrico Taylor had been received and was being processed. I continued to call and leave messages for Mr. Dietrich for a status update as time progressed and I still hadn't received a response letter. Mr. Dietrich never returned my phone calls. On May 28, 2013 I faxed Mr. Dietrich via a Ms. Green at his office for a status update. He called me 5-7 days later and said he would get information to me soon. I have heard nothing since then.

(Doc. 1 at 1-2.)  Although the above narrative and the remainder of the complaint do not cite to any statute, Plaintiff indicates, on her civil cover sheet, that her cause of action is based on the federal statute, 5 U.S.C. § 552, which is the federal freedom of information act ("FOIA"). Since diversity of citizenship jurisdiction would not be appropriate because the parties are both citizens of Michigan, the court assumes that Plaintiff asserts her claim under the only basis for jurisdiction which could possibly apply in this case which is federal question jurisdiction based on an alleged violation of 5 U.S.C. § 552. 28 U.S.C. §§ 1331, 1332.

D.     Analysis & Conclusions

5 U.S.C. § 552 is part of the Administrative Procedures Act and provides that "[e]ach agency shall make available to the public information..." and it sets forth the policies and procedures governing the release of information. This statute, however, is "concerned only with shedding light on misconduct of the *federal* government, not *state* governments.  As numerous sister circuits have noted, 'it is beyond question that [the federal] FOIA [statute] applies only to federal and not to state agencies.'" *Rimmer v. Holder*, 700 F.3d 246, 258-59

3

(6th Cir. 2012)(emphasis in original), *quoting Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 484 (2nd Cir. 1999). I therefore suggest that Plaintiff's complaint should be *sua sponte* dismissed on this ground alone.

I further suggest that even if this Defendant were a party subject to the federal FOIA statute, Plaintiff's complaint would also require dismissal because Plaintiff did not allege that she exhausted administrative remedies prior to filing suit in federal court. *Sykes v. United States of America*, 507 F. App'x 455, 463 (6th Cir. 2012).

### E. Conclusion

For the reasons stated above, I suggest that the case be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has failed to state a claim upon which relief can be granted.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to

this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

|  |  |
|---|---|
|  | s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗 |
|  | CHARLES E. BINDER |
| Dated: August 21, 2013 | United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Erinna R. McKissick-Johnson, 3325 Court Street, Saginaw, MI 48602.

Date:  August 21, 2013                    By      s/Patricia T. Morris
                                                                Law Clerk to Magistrate Judge Binder

5