UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERINNA R. McKISSICK-JOHNSON,

       Plaintiff,                               Case No. 13-13309
                                                Honorable Thomas L. Ludington
v.

DETROIT POLICE DEPARTMENT,

       Defendant.
_____/

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING COMPLAINT**

On August 1, 2013, Erinna McKissick-Johnson filed a *pro se* complaint against the Detroit Police Department (DPD) alleging violations of the Freedom of Information Act (FOIA). Apparently, Erinna "filed two FOIA requests in accordance to the FOIA Act," and she was told the two requests "had been received and was [sic] being processed." Pl.'s Compl. 1, 2, ECF No. 1. Although she attempted to contact various individuals for further information, at this point, Erinna has "heard nothing[.]" *Id*. at 2. As a result, she requests "a judgment of $1,000.00 which is $500.00 for each FOIA request submitted, as penalty for the DPD failing to respond to [her] requests within a timely manner or to communicate at all." *Id*. Erinna also suggests this Court "demand that the DPD supply all of the information [she] requested in [her] FOIA submissions[.]" *Id*.

Because Erinna was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, her complaint was screened by United States Magistrate Judge Charles E. Binder. *See* 28 U.S.C. § 1915(e)(2). Judge Binder issued a report on August 21, 2013, recommending that Erinna's complaint "be *sua sponte* dismissed because the complaint fails to state a claim upon

which relief can be granted." Report & Rec. 1 (emphasis omitted), ECF No. 5. Specifically, Judge Binder indicated that "it is beyond question that the federal FOIA statute applies only to federal and not to state agencies." *Id.* at 3 (brackets omitted) (quoting *Rimmer v. Holder*, 700 F.3d 246, 258–59 (6th Cir. 2012)).

Erinna filed timely objections to Judge Binder's report and recommendation. She indicates that she "was completely unaware that there is a difference between the state FOIA and the federal FOIA." Pl.'s Obj. 1, ECF No. 6. Erinna asserts that she "filed the lawsuit under the impression that the federal statute governed all matters that fell within that category." *Id*. So Erinna requests that she be allowed to amend her complaint "to reflect the correct statutes under which [she] is bringing [her] cause of action which are MCL 15.235 (A) and MCL 15. 240(7)." *Id*. According to Erinna, her lawsuit "is about the gross misconduct of a state agency, which is addressed under statute MCL 15.235 and the compensation that [she] should receive as a result of it which is addressed under MCL 15. 0240(7)." *Id*.

With all due respect to Erinna's cause ("proving the innocence of a young man who is currently serving a jail sentence for a crime that he didn't commit," Pl.'s Compl. 3), this is not the appropriate venue for her case. This Court lacks subject-matter jurisdiction over Erinna's complaint, and it will be dismissed.

For starters, the DPD is not an appropriate party here. As succinctly stated in *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989 (6th Cir. 1994), "[a] suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest." *Id*. at 992 n.1. Thus, the City of Detroit should have been named as the defendant, not the DPD.

But even if Erinna was allowed to modify her complaint to substitute the City of Detroit in place of the DPD, jurisdiction would be lacking. This is because, as Erinna points out, her action is grounded entirely in Michigan State law. *See* Pl.'s Obj. 1 ("My lawsuit is about the gross misconduct of a state agency, which is addressed under statute MCL 15.235"). Accordingly, the Court could maintain jurisdiction only pursuant to diversity jurisdiction under 28 U.S.C. § 1332, which requires "complete diversity between the parties." *U.S. Motors v. Gen. Motors Europe*, 551 F.3d 420, 423 (6th Cir. 2008) (citing *Graig v. Alt. Richfield Co.*, 19 F.3d 472, 476 (9th Cir. 1994)).

Erinna lives in Saginaw, Michigan, *see* Pl.'s Compl. 3, and the City of Detroit is, not surprisingly, a citizen of the State of Michigan. *See Schiavone Const. Co. v. City of New York*, 99 F.3d 546, 548 (2d Cir. 1996) ("The City of New York is . . . a citizen of the State of New York"); *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 404 (5th Cir. 1987) ("Here, Winona, a Mississippi municipality, clearly is a citizen of Mississippi."). Because both the City of Detroit and Erinna are Michigan citizens, and because her action contemplates only Michigan state law, this Court lacks subject-matter jurisdiction. Thus, if the action is appropriate at all, it would be so only in Michigan state court. Because this Court lacks subject-matter jurisdiction, the appropriate action is to dismiss Erinna's complaint. *See Parmelee v. Ackerman*, 252 F.2d 721 (6th Cir. 1958) (per curiam).

Accordingly, it is **ORDERED** that Erinna's objections to Judge Binder's report and recommendation, ECF No. 6, are **OVERRULED**.

It is further **ORDERED** that Judge Binder's report and recommendation, ECF No. 5, is **ADOPTED**.

It is further **ORDERED** that Erinna's complaint, ECF No. 1, is **DISMISSED**.  This is a final order and closes the case.

Dated: September 12, 2013                                       s/Thomas L. Ludington
                                                                THOMAS L. LUDINGTON
                                                                United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Erinna McKissick-Johnson, 3325 Court St., Saginaw, MI 48602 by first class U.S. mail, on September 12, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS

---